IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAY GUTIERREZ, § <br> # 82938-509, § <br>     Movant, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br>     Respondent. § | No. 3:24-CV-3029-X <br> (No. 3:22-CR-48-X-1) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Movant Jay Gutierrez's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on December 2, 2024 (Dkt. No. 2). Based on the relevant filings and applicable law, the motion is **DISMISSED** with prejudice as barred by the statute of limitations.

**I.   BACKGROUND**

After first being charged by complaint, Gutierrez was charged by indictment with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). *See* Crim. Dkt. Nos. 1, 13. He pled guilty to the single count of the indictment on March 14, 2023. *See* Crim. Dkt. No. 33. By judgment dated September 28, 2023, the Court sentenced him to 120 months of imprisonment, to run consecutively to sentences imposed in two pending state cases and to be followed by three years of supervised release. *See* Crim. Dkt. No. 55. Gutierrez did not appeal his conviction or sentence.

On December 2, 2024, Gutierrez's motion to vacate his sentence under 28 U.S.C. § 2255, dated October 25, 2024, was received by the Court. Dkt. No. 2 at 1, 12. In it, Gutierrez asserts two grounds for relief:

(1) Petitioner's felony status does not take him outside the 2nd Amendment's

protection/Rule 11(a)-(d) plea is invalid due to decriminalized conduct; and

(2) Sentencing attorney failed to timely petition notice of appeal; gross negligence to procedural duty violated Petitioner's due process.

*Id.* at 4-5 (capitalization altered). Because the § 2255 motion appeared untimely, the Court ordered Gutierrez to respond regarding the application of the one-year limitations period for § 2255 motions. *See* Dkt. No. 3. In his response to the Court's order, Gutierrez argues that the applicable statute of limitations should be equitably tolled because "he was unaware of the counsel's failure to submit a timely notice to the court and petition a ready appeal." Dkt. No. 4 at 3. He states that "[t]his information only became relevant after he requested inquiry with the court regarding his post-conviction proceedings," and he alleges that "[c]ounsel's dishonesty of his due process responsibility caused Petitioner to miss days from the 28 U.S.C. § 2255 one-year deadline, violating his right to appeal." *Id.*; *see also* Dkt. No. 2 at 11.

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Under § 2255(f)(1), Gutierrez's conviction became final on October 12, 2023, when the 14-day period for appealing his criminal judgment expired.  *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that when a federal prisoner does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of the time to file an appeal).  He does not allege that government action prevented him from filing a § 2255 motion earlier, and he has not identified any right newly recognized by the Supreme Court.  *See* 28 U.S.C. §§ 2255(f)(2), (3).  Regarding § 2255(f)(4), the facts supporting Gutierrez's Second Amendment claim and his claim that counsel rendered ineffective assistance by failing to file a notice of appeal became known or could have become known through the exercise of due diligence prior to the date his conviction became final.

Because the date his conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, October 12, 2023.  A timely § 2255 motion under § 2255(f)(1) therefore must have been brought by October 12, 2024.  Gutierrez filed his § 2255 motion no earlier than October 25, 2024, the date he signed the § 2255 motion.[1]  *See* Dkt. No. 2 at 12.  Because Gutierrez filed his § 2255 motion approximately two weeks after his limitations period expired, it is untimely in the absence of equitable tolling or an applicable exception to the limitations period.

---

[1] "Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system." *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) (citing *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011)).  Although it is not clear from the record when he placed the motion in the prison mailing system, the Court assumes, in Gutierrez's favor, that he placed it in the prison mailing system on the same day that he signed and dated it.

**A. Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). The movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Gutierrez seeks equitable tolling "[d]ue to serious misconduct by public attorney, compounded with conditions of confinement, which caused him to miss days beyond 28 U.S.C. § 2255 statutory deadline for filing a federal habeas petition." Dkt. No. 2 at 11; *see also* Dkt. No. 4 at 3. Gutierrez contends that this "egregious conduct by his counsel throughout his post-conviction [was] outside of his control." Dkt. No. 4 at 4. Attached to his § 2255 motion, Gutierrez also submitted an October 31, 2024 memorandum from his prison unit stating that

4

Gutierrez had "possible cases that may not be timely due to an institutional lockdown that disrupted normal operating procedures at USP Victorville." Dkt. No. 2 at 13.

Gutierrez's allegations and supporting document do not show that he exercised diligence in pursuing his rights or that counsel's alleged post-sentencing actions amount to extraordinary circumstances that prevented him from timely filing his § 2255 motion. By Gutierrez's own admissions, after he arrived at his unit of incarceration following sentencing, he "attempted to contact counsel in the interest of the appeal proceeding. However, neither his postal mail nor phone calls were acknowledged." Dkt. No. 4 at 2. Gutierrez's "last official correspondence for counsel was posted on January 11, 202[4]."[2] *Id.* Yet despite his knowledge that his attempts to reach counsel "in the interest of the appeal proceeding" were unsuccessful and that counsel had told him after sentencing that she would be in touch "with an initial brief," Gutierrez offers no facts or evidence to show that he diligently pursued his rights during the approximately 10 remaining months during which he could have filed a timely § 2255 motion. *Id.* Instead, Gutierrez delayed—without explanation—until an unknown date before "he requested inquiry with the court regarding his post-conviction proceedings," and only after that did he file his § 2255 motion. *Id.* at 3. Gutierrez was not prevented from timely filing a § 2255 motion by any circumstance beyond his own lack of diligence in pursuing his rights.

Further, to the extent Gutierrez relies on the institutional memorandum attached to his motion as a basis for equitable tolling, not only does the memorandum fail to disclose the dates of the lockdown to which Gutierrez was subject, but "[a]n institutional lockdown . . . is not itself a rare and exceptional circumstance that warrants equitable tolling." *Coppin v. United States*, Nos. 3:15-CV-3869-K, 3:10-CR-345-K(1), 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018)

---

[2] In his motion, Gutierrez states that his last correspondence to counsel was "on January 11, 2023," not 2024. Dkt. No. 4 at 2. As Gutierrez had not yet even pled guilty in this case in January 2023, the Court assumes Gutierrez intended to refer to the year 2024.

5

(citing, among others, *United States v. Ramirez,* No. B-07-041-1, 2010 WL 837446, at *3 (S.D. Tex. Mar. 4, 2010)); *see also Schmitt v. Zeller*, 354 F. App'x 950, 951 (5th Cir. 2009) ("[A] component of the obligation to pursue rights diligently is not to wait until near a deadline to make a filing, then seek equitable tolling when something goes awry.").

Gutierrez's allegations accordingly fail to show that he exercised due diligence in pursuing his rights or the existence of any rare and exceptional circumstance preventing him from filing a timely § 2255 motion. He therefore has not carried his burden to establish circumstances meriting equitable tolling.

### B. Actual Innocence

Gutierrez contends that his conviction involves "decriminalized conduct" and violates the Second Amendment. Dkt. No. 2 at 4; *see also* Dkt. No. 4 at 2. To the extent his allegations can be liberally construed to argue the application of the actual-innocence exception to the AEDPA limitations period, the Court addresses the claim.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . [or] expiration of the statute of limitations." *Id.* at 386. A credible claim of actual innocence to excuse the untimeliness of a habeas petition "must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). It must persuade a district court that it is more likely than not that no reasonable factfinder would have found the movant guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *See id.* "This exception's demanding standard requires 'evidence of

6

innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (quoting *McQuiggin*, 569 U.S. at 401 and citing *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case, as here. *See Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if it does, Gutierrez's gateway claim fails. Here, Gutierrez's construed actual innocence claim appears to be premised on the purported unconstitutionality of § 922(g)(1) in the wake of *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022). *See* Dkt. No. 4 at 2. The United States Court of Appeals for the Fifth Circuit has addressed and rejected facial and as-applied constitutional challenges to § 922(g)(1) under *Bruen*, however. *See, e.g.*, *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024). Gutierrez does not deny that he engaged in the conduct for which he was convicted under § 922(g)(1), and in light of binding case law, his allegations also fail to establish that said conduct is no longer criminal such that he could establish actual innocence of his offense of conviction. *See, e.g.*, *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) ("Actual innocence means 'factual innocence, and not mere legal insufficiency.'"). Gutierrez therefore fails to show that he is actually innocent based on the alleged unconstitutionality of § 922(g)(1).

Accordingly, even if *McQuiggin* applies to guilty plea cases, Gutierrez has failed to support his gateway claim of actual innocence with new evidence and fails to show that it was more likely than not, in light of such new evidence, that no reasonable factfinder would have found him guilty beyond a reasonable doubt. He is not entitled to the actual-innocence exception to the applicable limitations period, and his § 2255 motion is time-barred.

### III.  CONCLUSION

For the aforementioned reasons, Gutierrez's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on December 2, 2024 (Dkt. No. 2), is **DISMISSED** with prejudice as barred by the statute of limitations.

SO ORDERED this 23rd day of February, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE